Eugenio Gómez, Plaintiff and Appellant, v. María del Consuelo Ardura de Joglar et al., Defendants and Appellees.

No. 6569. Argued April 17, 1935.—Decided April 17, 1936.

Besosa & Besosa for appellant. Raúl Benedicto for appellee.

Mr. Justice Wolf delivered the opinion of the court.

Eugenio Gómez was the owner of the usufruct to a lot in Río Piedras. On this lot three houses were erected and later the one which is made the subject of controversy in the suit before us. Gómez went to Spain in the year 1912. Although he had others on whom he relied, he left Higinio Joglar in full charge of the property. For whatever reason it was the Municipality of Río Piedras, in 1913, ordered the demolition of all the buildings on the lot. This notice was communicated to Gómez in Spain and exactly what he did thereafter is not clear, though on the witness stand he testified that he authorized Joglar only to present a simple set of plans and to place certain building materials on the lot. Joglar proceeded, with his own money, to put a house that cost about $2,800. This house he occupied as his own or as if it were his own property. In November 1913, Gómez returned to Puerto Rico. According to his testimony and otherwise it appears that he challenged the right of Joglar to do what he had done or to put up so expensive a house. From the testimony it is impossible to speak more positively, but Joglar and Gómez either arrived at a definite conclusion or at some *status quo* by which Joglar continued to occupy the property. Gómez maintains that Joglar occupied the property as an agent. The defendant, the widow of Joglar, brought testimony tending to show that her husband occupied the lot as his own. Given the testimony of Gómez there is an apparent conflict, but we find no reason to doubt the conclusions at which the court below arrival. These were that there was a balance of payment due from Joglar to Gómez for which Joglar gave to Gómez something like $600, and that the usufruct of the lot was in effect sold to Joglar. The appellant lays some stress on the difference between the amount turned over and the amount due and attempts to maintain that the payment was for a different matter. The court found that the usufruct was transferred from Gómez to Joglar.

Gómez attempts to set up what seems to us a rather curious proposition, namely, that Joglar had agreed to repay himself for the amount spent in constructing the house out of the supposed rental value of the house itself.

About the year 1929 Joglar died. Thereafter, in May 1929, Mrs. Joglar obtained from the Municipality of Río Piedras a deed, not to the usufruct, but to the land itself.

Gómez is the plaintiff in this case and he is also the appellant. Despite the insistent arguments of his counsel we are not convinced that any claim to the lot or the house remained in Gómez. The court was justified in finding that Gómez either directly conveyed to Joglar or by his subsequent actions renounced all right to the usufruct of the lot. It would appear that Gómez, in point of fact, suffered no real loss. Of course, Joglar was not formal in what he did, but whatever his informality, it was condoned by Gómez. Joglar or his wife occupied the lot undisturbed for 19 years and there is enough evidence to indicate that the proprietary right thereto passed from Gómez to Joglar.

The judgment will be affirmed.

Mr. Justice Travieso took no part in the decision of this case.